1    HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
     SUSAN G. O'NEILL - 115133
2    soneill@hansonbridgett.com
     BATYA F. SWENSON - 192396
3    bswenson@hansonbridgett.com
     425 Market Street, 26th Floor
4    San Francisco, CA  94105
     Telephone:     (415) 777-3200
5    Facsimile:     (415) 541-9366

6    Attorneys for Plaintiff and Counterdefendant
     FIRST REPUBLIC BANK

7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11   FIRST REPUBLIC BANK,                    No. CV 06-06494 CRB

12               Plaintiff,                  **STIPULATION AND [PROPOSED]
                                             PROTECTIVE ORDER**
13         v.

14   FIRST REPUBLIC GROUP, LLC,

15               Defendant.

16   ─────────────────────────────
     FIRST REPUBLIC GROUP, LLC,
17
                 Counterclaimant,
18
           v.
19
     FIRST REPUBLIC BANK,
20
                 Counterdefendant.
21   ─────────────────────────────

22

23

24         Plaintiff and Counterdefendant FIRST REPUBLIC BANK, and Defendant and

25   Counterclaimant FIRST REPUBLIC GROUP, LLC, stipulate through their respective counsel of

26   record as follows:

27   ////

28   ////

**PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 9, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

Notwithstanding anything in this Stipulated Protective Order, the parties agree that the Disclosure or Discovery Material, as defined in Section 1.2 below, shall not be used by the Receiving Party, as defined in Section 1.5 below, for any purpose other than for prosecuting or defending this action.

1.      **DEFINITIONS**

1.1      Party or Parties:  any party to this action, and all parties to this action, including all of its or their officers, directors, partners, employees, consultants, retained experts, and outside counsel (and their support staff), including the law firms Hanson Bridgett Marcus Vlahos & Rudy, LLP, and Townsend and Townsend and Crew, LLP.

1.2      Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are voluntarily exchanged, produced or generated in disclosures or responses to discovery in this matter.

1.3      "Confidential" Information or Items:  information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c), and are designated as "Confidential" in the good

- 2 -

1    faith belief that it contains confidential, proprietary, trade secret and/or otherwise private

2    information subject to protection under state or federal law.

3        1.4    "Highly Confidential—Attorneys' Eyes Only" Information or Items:  that narrow

4    and limited subset of Confidential Information or Items which is designated as "Highly

5    Confidential," and whose disclosure to another Party or non-party the Designating Party (as

6    defined in Section 1.7, below) in good faith believes would create a substantial risk of serious

7    competitive injury to the business of the Designating Party, or other serious injury, that could not

8    be avoided by less restrictive means.

9        1.5    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

10    Producing Party.

11        1.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery

12    Material in this action.

13        1.7    Designating Party:  a Party or non-party that designates information or items that it

14    produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

15    CONFIDENTIAL—ATTORNEYS' EYES ONLY."

16        1.8    Protected Material:  any Disclosure or Discovery Material that is designated as

17    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

18        1.9    Counsel:  attorneys who are retained to represent or advise a Party in this action.

19        1.10    Expert:  a person with specialized knowledge or experience in a matter pertinent to

20    the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

21    consultant in this action and who is not a past or a current employee of a Party or of a competitor

22    of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party

23    or a Party's competitor.  This definition includes a professional jury or trial consultant retained in

24    connection with this litigation.

25        1.11    Professional Vendors:  persons or entities that provide litigation support services

26    (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing,

27    storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

28

**2.    SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material. All notes, memoranda, reports, and other written communications that reveal or discuss information contained in Protected Material shall be given the same protections under this Stipulated Protective Order as though they were designated as Protected Material.

**3.    DURATION**

Even after the termination of this litigation—whether by settlement, discontinuance, dismissal, severance, judgment or other disposition—the confidentiality obligations imposed this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**4.    DESIGNATING PROTECTED MATERIAL**

4.1    Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, second paragraph of Section 4.1(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion of a document or portions of the material on a page qualifies for protection, the Designating Party must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection

1   need not designate them for protection until after the inspecting Party has indicated which

2   material it would like copied and produced.  During the inspection and before the designation, all

3   of the material made available for inspection shall be deemed "HIGHLY

4   CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

5   documents it wants copied and produced, the Producing Party must determine which documents,

6   or portions thereof, qualify for protection under this Stipulated Protective Order, and before

7   producing the specified documents, the Producing Party must affix the appropriate legend

8   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the top

9   of each page that contains protected material.  If only a portion of a document or portions of the

10  material on a page qualifies for protection, the Designating Party must clearly identify the

11  protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for

12  each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

13  CONFIDENTIAL—ATTORNEYS' EYES ONLY").

14           (b)      <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,

15  that the Designating Party identify all protected testimony on the record, before the close of the

16  deposition, hearing, or other proceeding, or identify all protected testimony within twenty (20)

17  calendar days after receipt of the transcript.  Until expiration of this twenty-day period, all such

18  testimony shall be considered and treated as though it is designated "HIGHLY

19  CONFIDENTIAL—ATTORNEYS' EYES ONLY."  Only those portions of the testimony that

20  are designated for protection within the twenty (20) days shall be covered by the provisions of

21  this Stipulated Protective Order.

22       Transcript pages containing Protected Material must be separately bound by the court

23  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

24  "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Designating

25  Party.

26           (c)      <u>for information produced in some form other than documentary, and for</u>

27  <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

28  container or containers in which the information or item is stored the appropriate legend.  If that

1   matter is stored or recorded electronically (including information databases, images, or programs

2   stored on computers, discs, networks or backup tapes) and a legend cannot be affixed upon it, the

3   Designating Party may designate such material as "CONFIDENTIAL" or "HIGHLY

4   CONFIDENTIAL—ATTORNEYS' EYES ONLY" by cover letter identifying the Protected

5   Material.  Parties other than the Producing Party shall also have the right to designate such

6   materials for confidential treatment in accordance with this Stipulated Protective Order by written

7   notice.  If only portions of the information or item warrant protection, the Designating Party, to

8   the extent practicable, shall identify the protected portions.

9            (d)    <u>for information revealed in the course of a hearing</u>, that the Designating

10  Party identify all protected information on the record, before the conclusion of the hearing, or

11  other proceeding, or identify all protected testimony within twenty (20) calendar days after

12  receipt of the transcript.  Until expiration of this twenty-day period, all such testimony shall be

13  considered and treated as though it is designated "HIGHLY CONFIDENTIAL—ATTORNEYS'

14  EYES ONLY" except that Parties may draft orders on the hearings as necessary to effect the

15  court's decisions.  Only those portions of the testimony that are designated for protection within

16  the twenty days shall be covered by the provisions of this Stipulated Protective Order.

17       Transcript pages containing Protected Material must be separately bound by the court

18  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

19  "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Designating

20  Party.

21       4.2    <u>Inadvertent Failures to Designate</u>.  If corrected, an inadvertent failure to designate

22  qualified information or items as "CONFIDENTIAL" or "HIGHLY

23  CONFIDENTIAL—ATTORNEYS' EYES ONLY" does not, standing alone, waive the

24  Designating Party's right to secure protection under this Stipulated Protective Order for such

25  material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY

26  CONFIDENTIAL—ATTORNEYS' EYES ONLY" after the material was initially produced, the

27  Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

28  that the material is treated in accordance with the provisions of this Stipulated Protective Order.

1    As used in this Stipulated Protective Order, an act is "timely" if it does not unduly prejudice

2    another party.

3         4.3    Inadvertent Production.  If the Producing Party contends that it has inadvertently

4    produced material that it alleges is protected by the attorney client privilege, the work product

5    doctrine, and/or any other privilege ("the Subject Material"), that party shall notify the Receiving

6    Party of the inadvertent production immediately upon its discovery of the inadvertent production.

7    Immediately upon notification, and in no event, no later than three business days after receiving

8    notice, the Receiving Party shall return and/or destroy all copies of the Subject Material identified

9    in the notice, and shall certify in writing that it has done so.  In so doing, the Receiving Party shall

10   not waive or prejudice any challenge it may have to the alleged privileged status of the Subject

11   Material, nor shall it waive or prejudice any challenge it may have to the Producing Party's claim

12   of inadvertent production.  If, after undertaking an appropriate meet-and-confer process, the

13   parties are unable to resolve any dispute they have concerning the Subject Material, the Receiving

14   Party may file a motion to compel such material.

15   **5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

16        5.1    Meet and Confer.  A Party that elects to initiate a challenge to a Designating

17   Party's confidentiality designation must do so in good faith and must begin the process by

18   conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

19   with counsel for the Designating Party.  In conferring, the challenging Party must explain the

20   basis for its belief that the confidentiality designation was not proper and must give the

21   Designating Party an opportunity to review the designated material, to reconsider the

22   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

23   designation.  A challenging Party may proceed to the next stage of the challenge process only if it

24   has engaged in this meet and confer process first.

25        5.2    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

26   designation after considering the justification offered by the Designating Party may file and serve

27   a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

28   that identifies the challenged material and sets forth in detail the basis for the challenge.  Each

1    such motion must be accompanied by a competent declaration that affirms that the movant has

2    complied with the meet and confer requirements imposed in the preceding paragraph and that sets

3    forth with specificity the Designating Party's justification for the confidentiality designation that

4    was stated in the meet and confer dialogue.

5        The burden of persuasion in any such challenge proceeding shall be on the Designating

6    Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

7    question the protection to which it is entitled under the Producing Party's designation.

8    **6.      ACCESS TO AND USE OF PROTECTED MATERIAL**

9        6.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed

10   or produced by another Party or by a non-party in connection with this case only for prosecuting,

11   defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

12   to the categories of persons and under the conditions described in this Stipulated Protective Order.

13   When the litigation has been terminated, a Receiving Party must comply with the provisions of

14   Section 10, below (FINAL DISPOSITION).

15       Protected Material must be stored and maintained by a Receiving Party at a location and

16   in a secure manner that ensures that access is limited to the persons authorized under this

17   Stipulated Protective Order.

18       6.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

19   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

20   disclose any information or item designated CONFIDENTIAL only to:

21              (a)    The Receiving Party's Counsel in this action, as well as employees of said

22   Counsel to whom it is reasonably necessary to disclose the information for this litigation;

23              (b)    The officers, directors and employees of the Receiving Party to whom

24   disclosure is reasonably necessary for this litigation;

25              (c)    Experts (as defined in this Stipulated Protective Order) of the Receiving

26   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

27   "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

28              (d)    The court and its personnel;

- 8 -

1         (e)     Neutral evaluators, mediators or arbitrators assigned to the case by the

2 court or retained for the case by the mutual agreement of the Parties;

3         (f)     Professional Vendors for services such as copying, scanning, or electronic-

4 document processing to whom disclosure is reasonably necessary for this litigation;

5         (g)     Former employees, officers, or directors of the Parties, provided that such

6 former employees, officers, partners, or directors saw the said material when they held said

7 positions and have signed the "Acknowledgement and Agreement to Be Bound by Protective

8 Order" (Exhibit A); and

9         (h)     The author of the document or the original source of the information.

10      6.3     Disclosures of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

11 Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

12 Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

13 CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

14         (a)     the Receiving Party's Counsel in this action, as well as employees of said

15 Counsel to whom it is reasonably necessary to disclose the information for this litigation;

16         (b)     Experts (as defined in this Order) (1) to whom disclosure is reasonably

17 necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective

18 Order" (Exhibit A);

19         (c)     the court and its personnel;

20         (d)     Neutral evaluators, mediators or arbitrators assigned to the case by the

21 court or retained for the case by the mutual agreement of the Parties;

22         (e)     Professional Vendors such as copying, scanning, or electronic-document

23 processing to whom disclosure is reasonably necessary for this litigation.

24         (f)     The author of the document or the original source of the information.

25      6.4     Maintenance of Signed Agreements.  The Counsel for the Receiving Party wishing

26 to disclose Protected Materials shall maintain the original signed "Acknowledgement and

27 Agreement(s) to Be Bound by Protective Order."

28

1    6.5    <u>Disclosure Not Otherwise Authorized</u>.  In the event that Counsel representing any

2  Party in this action believes that it is necessary to disclose Protected Materials to an individual or

3  entity to whom disclosure is not permitted by this Stipulated Protective Order, such Counsel shall

4  make a written request (delivered by hand, electronic mail or facsimile) to Counsel for the

5  Designating Party identifying the individual to whom it is desired to make such disclosure and the

6  specific Protected Materials involved.  Within five (5) business days of the request, Counsel for

7  the Designating Party may object to such disclosure by delivering by hand, electronic mail, or fax

8  a written objection to Counsel serving the disclosure letter.  Failure to so object constitutes

9  consent to such disclosure.  In the event that a Designating Party objects to such disclosure, such

10  Protected Materials shall not be disclosed to any individual other than those to whom disclosure is

11  permitted by the provisions of this Stipulated Protective Order until such dispute has been

12  resolved by agreement of the parties or by order of the court.

13  **7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**
   **OTHER LITIGATION**
14

15    If a Receiving Party is served with a subpoena or an order issued in other litigation that

16  would compel disclosure of any information or items designated in this action as

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the

18  Receiving Party must so notify the Designating Party, in writing (by hand delivery, electronic

19  mail or facsimile), immediately and in no event more than three court days after receiving the

20  subpoena or order.  Such notification must include a copy of the subpoena or court order.

21  Provided that the Producing Party has taken the necessary steps to prevent, through judicial.

22  process, production of the documents sought to be produced, the Receiving Party shall not

23  produce to the Party in the other action any documents designated as "CONFIDENTIAL" or

24  "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY," and will maintain the status quo

25  pending resolution of the Producing Party's motion to quash or analogous proceeding.

26    The Receiving Party also must immediately inform in writing the Party who caused the

27  subpoena or order to issue in the other litigation that some or all the material covered by the

28  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

1   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

2   caused the subpoena or order to issue.

3        The purpose of imposing these duties is to alert the interested parties to the existence of

4   this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to

5   try to protect its confidentiality interests in the court from which the subpoena or order issued.

6   The Designating Party shall bear the burdens and the expenses of seeking protection in that court

7   of its confidential material-and nothing in these provisions should be construed as authorizing or

8   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9   **8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

11  Material to any person or in any circumstance not authorized under this Stipulated Protective

12  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

13  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

14  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

15  this Stipulated Protective Order, and (d) request such person or persons to execute the

16  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

17  **9.      FILING PROTECTED MATERIAL**

18       Without written permission from the Designating Party or a court order secured after

19  appropriate notice to all interested persons, a Party may not file in the public record in this action

20  any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

21  with Civil Local Rule 79-5.

22       Any court hearing that refers to or describes information designated as "HIGHLY

23  CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall in the court's discretion be conducted *in*

24  *camera*.

25  **10.    FINAL DISPOSITION**

26       Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60)

27  days after the final termination of this action (*e.g.*, a court order terminating this action and from

28  which no appeal is taken), each Receiving Party must return all Protected Material to the

Producing Party.  As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that affirms that the Receiving Party has complied with the foregoing provisions, and has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain archival copies and not required to return copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence, attorney-client communications or attorney work product, even if such materials contain Protected Material, provided that such Counsel take appropriate steps to prevent the disclosure in a manner contrary to this Stipulated Protective Order of such Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 3 (DURATION), above.

**11.    MISCELLANEOUS**

11.1    <u>Right to Further Relief</u>.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

11.2    <u>Admissions and Waivers</u>.  Neither the entry of this Stipulated Protective Order, nor the designation of any information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" or failure to make such a designation, shall constitute evidence or any admission with respect to any issue in the case, and shall not constitute a waiver of any objections to the disclosure of such information.  Nothing in this Stipulated Protective Order shall be construed as a waiver by either Party of any objection to the admissibility of a particular document into evidence.  Moreover, nothing in this Stipulated Protective Order shall be construed to require any party to disclose to any other party any

1  Confidential of Highly Confidential Information, or to prohibit any party from refusing to

2  disclose Confidential or Highly Confidential Information to any other party.

3      11.3    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

4  Order no Party waives any right it otherwise would have to object to disclosing or producing any

5  information or item on any ground not addressed in this Stipulated Protective Order.

6  DATED:  March __, 2007                 HANSON BRIDGETT MARCUS
                                           VLAHOS & RUDY, LLP

7

8                                      By:___/s/_____
                                           BATYA F. SWENSON

9                                           Attorneys for Plaintiff
                                         FIRST REPUBLIC BANK

10

11  DATED:  March __, 2007                 TOWNSEND AND TOWNSEND AND
                                         CREW, LLP

12

13                                      By:____/s/_____
                                           GREGORY S. GILCHRIST

14                                             Attorneys for Defendant
                                         FIRST REPUBLIC GROUP, LLC

15

16      I, Batya F. Swenson, hereby attest, pursuant to N.D. Cal. General Order No. 45, that the

17  concurrence to the filing of this document has been obtained from the other signatory hereto.

18

19                                      By: _____/s/_____

20                                             BATYA F. SWENSON

21

22  PURSUANT TO STIPULATION, IT IS SO ORDERED.

23  DATED:  __March 16, 2007_____      _____

24                                  CHARLES R. BREYER
                               United States D

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER (CV 06-06494 CRB)          1306168.1

1

2

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**
**BY PROTECTIVE ORDER**

3

4

I, _____, declare under penalty of perjury that I have read in its

5

entirety and understand the Stipulated Protective Order that was issued by the United States

6

District court for the Northern District of California on _____ in the case of

7

*First Republic Bank v. First Republic Group, LLC.*, and related counterclaim, Case No. CV 06-

8

06494 CRB.  My address is _____.  My

9

present occupation is _____.

10

I agree to comply with and to be bound by all the terms of this Stipulated Protective

11

Order, and I understand and acknowledge that failure to so comply could expose me to sanctions

12

and punishment in the nature of contempt of court.  I solemnly promise that I will not disclose in

13

any manner any information or item that is subject to the Stipulated Protective Order to any

14

person or entity except in strict compliance with the provisions of this Order.

15

I further agree to submit to the jurisdiction of the United States District court for the

16

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

17

Order, even if such enforcement proceedings occur after termination of this action.

18

I hereby appoint _____ of _____

19

_____

20

*[full address and telephone number]* as my California agent for service of process in connection

21

with this action or any proceedings related to enforcement of this Stipulated Protective Order.

22

Executed this _____ day of _____, 2007, at _____ *[city*

23

*and state]*.

24

25

Signature _____

26

27

28

- 14 -